UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON BURKE,

                    Plaintiff,

          -against-

WEST 49 LLC, ET AL.,

                    Defendants.

26-CV-3000 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, proceeding *pro se,* has filed an "Emergency Motion for Order to Show Cause" requesting unspecified preliminary injunctive relief. To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiff's favor. Plaintiff invokes the civil enforcement provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the False Claims Act, and unspecified "State-Specific Consumer Protection Acts." (ECF 5, at 1.)

Although the caption is different in each of the documents Plaintiff has submitted in this action, he appears to sue West 49 LLC; the "New York State Civil Court (111 Centre Street)" (ECF 1, at 1); "Judges of the Civil Court" (*id.*); "NYC City Marshals" (*id.*); the New York City Human Resources Administration ("HRA"); Mount Sinai Hospital; and, possibly, Amsterdam Properties and "Dino, Julio, Rosario" (ECF 5, at 1.) Among other legal deficiencies, neither the complaint nor Plaintiff's motion for preliminary injunctive relief contain a single non-conclusory factual allegation describing the events giving rise to Plaintiff's claims. Nowhere in Plaintiff's submissions does he allege facts describing what each defendant did or did not do that violated his rights. Moreover, beyond a vague request to "set an emergency hearing date and stay all adverse actions by respondents" (*id.* at 2), Plaintiff does not describe the nature of the relief he is seeking, whether through a preliminary injunction or otherwise.

Accordingly, Plaintiff's request for an order to show cause (ECF 5) is denied. The Court will address Plaintiff's complaint in due course.

The Court also notes that several of Plaintiff's submissions include sections labelled "ADA Accommodation Disclosure To All Court Personnel, Clerks, and Officers," in which Plaintiff states that he has a mental health disability, and that "this written document serves as a reasonable accommodation" and "must be accepted as his formal statement and position." (ECF 6, at 1, 2). Although Plaintiff appears to make a formal request for a reasonable accommodation under the Americans with Disabilities Act ("ADA"), it is unclear what, if anything, he is requesting. Should Plaintiff require specific accommodations, he may resubmit his request and state the specific accommodations he is requesting.

## CONCLUSION

Plaintiff's request for an order to show cause (ECF 5) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 29, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3