UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON BURKE,

                    Plaintiff,

          -against-

WEST 49 LLC; THE NEW YORK STATE
CIVIL COURT (111 CENTRE STREET);
JUDGES OF THE CIVIL COURT; NYC CITY
MARSHALS; HRA; MOUNT SINAI
HOSPITAL,

                    Defendants.

26-CV-3000 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action pro se. By order dated April 24, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

Plaintiff Jason Burke initiated this action on April 10, 2026, by filing a complaint. Since filing the initial complaint, Plaintiff has filed approximately twenty additional submissions, including requests for emergency injunctive relief.[1] Plaintiff's submissions are repetitive of each other and often repeat the same information multiple times within a single document.

Although the caption is different in each of the documents Plaintiff has submitted in this action, he appears to sue West 49 LLC; the "New York State Civil Court (111 Centre Street)" (ECF 1, at 1); "Judges of the Civil Court" (*id.*); "NYC City Marshals" (*id.*); the New York City Human Resources Administration ("HRA"); Mount Sinai Hospital; and, possibly, Amsterdam Properties, "Dino, Julio, Rosario" (ECF 5, at 1), "Newman and Anzalone & Newman" (ECF 20, at 1), Hertz, Cherson & Rosenthal, P.C., and two state housing court judges (ECF 22, at 1).

The following information is drawn from the complaint and supplemented with information from Plaintiff's other submissions. Plaintiff refers to himself as a "whistleblower" and states that this action "involves federal oversight of a conspiracy between private landlords,

---

[1] By order dated April 29, 2026, the Court denied Plaintiff's first motion for preliminary injunctive relief, finding that his submissions did not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiff's favor. (ECF 10.) The Court noted that "neither the complaint nor Plaintiff's motion for preliminary injunctive relief contain a single non-conclusory factual allegation describing the events giving rise to Plaintiff's claim" and "[n]owhere in Plaintiff's submissions does he allege facts describing what each defendant did or did not do that violated his rights." (*Id.* at 2.)

After it was brought to the Court's attention that Plaintiff had been faxing submissions in this action directly to the chambers of Magistrate Judge Jennifer Willis of this court, the Court, by order dated May 6, 2026, directed Plaintiff to cease all attempts to fax documents or to otherwise communicate with Judge Willis's chambers, and, as required by a Standing Order of this court, to file all future submissions with the court's Pro Se Intake Unit. (ECF 17.)

City Marshals, and the State Court system."[2] (ECF 1, at 1.) He states that the "primary targets of investigation" are "the New York State Civil Court System (specifically 111 Centre Street), including presiding Judges and NYC City Marshals, as the primary entities under federal whistleblower investigation." (*Id.* at 2.) Plaintiff maintains that these entities "are alleged to be working in concert with WEST 49 LLC and its landlords." (*Id.*)

In another submission, Plaintiff asserts that "[t]his matter concerns the illegal exclusion of disabled residents Jason Burke and Christine Perez from their home," although he provides no factual support for any claims he may be seeking to assert. (ECF 9, at 3.) In yet another submission, Plaintiff asserts, again without context, that "the lower court has 'missed' or willfully ignored multiple motions regarding the illegal lockout" and asks this Court to review the records of the "lower court." [3] (ECF 14, at 2.)

Plaintiff makes various requests for relief throughout his various submissions, many of which are unclear or presented without context. For example, in the complaint, Plaintiff seeks "triple damages" under 18 U.S.C. § 1964(c), which is a statute providing for civil remedies under the Racketeer Influenced and Corrupt Organizations Act "("RICO"). (ECF 1, at 2.). In an April 27, 2026 submission, Plaintiff requests "[i]mmediate signing of the [order to show cause]," a copy of which Plaintiff does not include in his submission, in order "[t]o restore residency for

---

[2] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are in the original documents unless otherwise noted.

[3] Plaintiff also asserts, without context, that the "Court's failure to open this file has resulted in Plaintiff's displacement and homelessness." (ECF 14, at 2.) Plaintiff maintains that he has "previously submitted multiple motions that remain unaddressed." (*Id.*) Although Plaintiff's statements are unclear, he may be referring to documents he attempted to file through means other than those permitted for the filing of documents by *pro se* litigants in this court. (See ECF 17 (describing Plaintiff's attempts to fax documents to a Magistrate Judge not assigned to this action).)

Jason Burke and Christine Perez." (ECF 8, at 5; *see also* ECF 11, at 2 ("Plaintiff demands that the Court cease the obstruction of this whistleblower and restore residency immediately.").) In another submission, Plaintiff "demand[s]" an explanation for why his motion for preliminary injunctive relief was "terminated" as well as "all lower court transcripts from June 2024 to present (Judge Myers, Ortiz, and Stoller) to provide the $83k OTDA fraud and racketeering."[4] (ECF 12, at 1.)

Each of Plaintiff's submissions also includes an "ADA Accommodation Disclosure," which states (in substance), "The undersigned is a person with a mental health disability and provides this written format as a reasonable accommodation to ensure the record is accurate and due process is preserved." (ECF 1, at 1; *see also, e.g.*, ECF 9, at 1; ECF 13, at 1.) The Court, in its orders, has repeatedly noted this language and explained to Plaintiff that, if he requires a specific accommodation for a disability, he may bring the need to the Court's attention by filing a formal request. (*See* ECF 10, 17.)

## DISCUSSION

### A.    Rule 8 of the Federal Rules of Civil Procedure

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing a complaint for plausibility, the court accepts all well-pleaded factual

---

[4] As noted above, the Court denied Plaintiff's request for preliminary injunctive relief in a written order issued on April 29, 2026 (ECF 10), and transmitted to Plaintiff via email, as required under his consent to electronic service agreement (ECF 3), on the same day.

allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted). "It is not the Court's job—nor the opposing party's—to decipher a complaint that is 'so poorly composed as to be functionally illegible.'" *Ghosh v. New York City Hous. Auth.*, No. 21-CV-6139 (AT) (BCM), 2023 WL 3612553, at *6 (S.D.N.Y. Feb. 27, 2023) (quoting *Avramham v. New York*, No. 20-CV-4441 (LLS), 2020 WL 4001628, at *2 (S.D.N.Y. July 15, 2020)), *report and recommendation adopted*, 2023 WL 3746617 (S.D.N.Y. Mar. 20, 2023).

A complaint that fails to comply with Rule 8 may be dismissed. *See, e.g.*, *Da Costa v. Marcucilli*, 675 F. App'x 15, 17 (2d Cir. 2017) (dismissing a complaint because it was convoluted, repetitive and difficult to understand); *Anduze v. City of New York*, No. 21-CV-0519 (LLS), 2021 WL 795472, at *2 (S.D.N.Y. Feb. 26, 2021) (dismissing a complaint as

incomprehensible because it was illegible and the legible portions were incomprehensible, such that "the [c]ourt is unable to properly evaluate the full nature and extent of [the] [p]laintiff's claims"); *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Loc. 15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc.*, No. 17-CV-3670 (KPF), 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018) (noting that "courts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory"); *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (stating that the policy requiring courts to liberally construe *pro se* complaints "does not mandate that a court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

Here, Plaintiff's complaint does not comply with Rule 8. As an initial matter, it is unclear who Plaintiff is suing in this action. Although Plaintiff's submissions include references to his possibly being evicted or losing his residency as a result of state-court proceedings, none of his submissions include well-pleaded factual allegations describing what any of the potential defendants did or failed to do, aside from participating in the state-court proceedings, that violated Plaintiff's federal rights. It is unclear to the Court—and would be unclear to any responding defendant—what viable claims and plausible supporting facts Plaintiff is alleging against which defendants. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint that consists of a single document, names all defendants in the caption of the amended complaint, alleges facts showing that Plaintiff is entitled to relief against each named defendant, and complies with the analysis set forth below.

**B.     The Court will not interfere with or review state court decisions**

Several of Plaintiff's submissions suggest that he may be seeking to challenge an exclusion or eviction order entered in a state housing court matter. Even if Plaintiff's complaint complied with Rule 8, the Court would have to decline, under the *Younger* doctrine, to intervene in his state-court housing case.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *Id*. at 53-54. Application of the *Younger* abstention doctrine has been extended to three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013).

When a plaintiff "seek[s] injunctive relief relating to the same property that is the subject matter of the underlying state court action[,] [this] *Sprint* prong applies." *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210, 2015 WL 5884797, at *4 (E.D.N.Y. Oct. 8, 2015); *see Clark v. Bloomberg*, No. 10-CV-1263, 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (holding that the *Younger* abstention doctrine precludes federal district court from staying pending state-court foreclosure and eviction proceedings because "both concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide [the plaintiff] with an adequate forum to make the arguments he seeks to raise in this court").

7

To the extent Plaintiff is asking this Court to enjoin an exclusion or eviction order in an ongoing state housing court matter, the Court must decline to intervene in Plaintiff's ongoing state court proceedings.

To the extent Plaintiff is asking this Court to review a final judgment issued in the state court, the Court is barred from doing so under the *Rooker-Feldman* doctrine. The doctrine—created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983)—precludes federal district courts from reviewing final judgments of the state courts.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). If a state court issued a final judgment against Plaintiff, and Plaintiff is asking this Court to review and reject that state court judgment, this Court is barred from doing so. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). Plaintiff may seek to appeal any decision issued in the state court within the state court system.

**C.    Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New*

8

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.     Submission addressed to the Court of Appeals**

On May 15, 2026, Plaintiff filed a document in this action bearing this docket number, but captioned for the United States Court of Appeals for the Second Circuit. (ECF 20.) That document is titled, "Emergency motion to reinstate IFP status, compel discovery of native records, and disclose systemic racketeering involving fraudulent medical clearance, HRA fund withholding, and judicial gatekeeping." (*Id.* at 1.) Because that submission is not captioned for this court and does not seek relief from this court, the Court directs the Clerk of Court to terminate the motion.

**E.     Motions for preliminary injunctive relief**

On May 31, 2026, Plaintiff filed two motions: (1) an "Urgent Emergency Motion for an Immediate Order to Show Cause to Vacate Disposal Orders, Unfreeze All Transcripts, and Order Immediate Restoration of Domicile Due to Ongoing Irreparable Harm" (ECF 22); and (2) a "Relator's Formal Motion for the Immediate Vacatur of the 1915(a)(3) Certification, Demand for Transcript Unfreeze, and Notice of Judicial Inclusion in the Master Omnibus Conspiracy Record" (ECF 23). Plaintiff also filed a document labeled "Relator's Master Evidence Notification Logging Transitional Fraud and the Genesis of the Municipal Conspiracy" (ECF 24), which he appears to have submitted in support of his motion for "Vacatur of the 1915(a)(3) Certification."

To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or

9

(b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

For the reasons set forth above, the Court finds that Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. The Court therefore denies Plaintiff's motions for preliminary injunctive relief. (ECF 22-24.)

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say, at this time, that amendment is futile, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims. If Plaintiff wishes to replead his claims, he should do so in an amended

complaint that consists of a single document which lists all defendants in the caption and alleges facts describing what each defendant did or failed to do that violated Plaintiff's rights.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

### CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court denies Plaintiff's motions for preliminary injunctive relief (ECF 22-24). The Court directs the Clerk of Court to terminate the motions pending at ECF 20, 22, 23, 24.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   June 9, 2026
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                   Chief United States District Judge

11