UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON BURKE,

                    Plaintiff,

        -against-                                        26-CV-3000 (LTS)

WEST 49 LLS, ET AL.,                                          ORDER

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Jason Burke brings this action *pro se* and *in forma pauperis*. By order dated June

9, 2026, and entered on June 10, 2026, the Court dismissed the complaint, but granted Plaintiff

30 days' leave to file an amended complaint.[1] (ECF 30.) In its order, the Court held that

Plaintiff's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure

because, among other things, it was unclear who Plaintiff was suing and, although his

submissions suggested he may be seeking to challenge an eviction, his submissions did not

include any well-pleaded factual allegations describing what any of the potential defendants did

or failed to do that violated his federal rights. The Court also noted that it is prohibited from

intervening in any ongoing state housing court proceedings under the *Younger* abstention

doctrine, and that the *Rooker-Feldman* doctrine prohibited the Court from reviewing any final

state court judgement. The Court granted Plaintiff 30 days' leave to replead in an amended

---

[1] By order dated April 29, 2026, the Court denied Plaintiff's request for preliminary injunctive relief. (ECF 10.) On May 6, 2026, after it was brought to the attention of the Court that Plaintiff had been faxing submissions in this action to the chambers of a magistrate judge of this court, the Court issued an order directing Plaintiff to cease submitting documents through improper channels, and that, as required by a Standing Order of the Court, all documents must be filed through the Court's Pro Se Intake Unit. (ECF 17.)

complaint that consists of a single document which lists all defendants in the caption and alleges facts describing what each defendant did or failed to do that violated Plaintiff's rights.[2]

On June 11, 2026, a day after the Court's June 9, 2026 order of dismissal was entered on the docket, the Clerk of Court docketed seven submissions from Plaintiff: two identical copies of an "Omnibus Motion for Docket Correction, Transcript Production, and Mandatory Service," both of which are dated June 9, 2026 (ECF 31, 32); a "Notice of Systemic Electronic Obstruction & Intent to Escalate," dated June 10, 2026 (ECF 34); two largely identical unlabeled submissions, both dated June 9, 2026 (ECF 33, 35); a "Notice of Bad Faith and Procedural Obstruction," dated June 11, 2026 (ECF 26); and a "Motion for Reconsideration & Peremptory Stay of Dismissal," dated June 11, 2026 (ECF 37).

The Court construes Plaintiff's submissions as a motion seeking the recusal of the undersigned, a motion for reconsideration under Local Civil Rule 6.3, and requests for other miscellaneous relief. The Court denies the motions and requests.

## DISCUSSION

### A.  Motion for recusal

Although Plaintiff has not filed a formal motion for recusal, he states that he is seeking the undersigned's recusal in this action. Specifically, Plaintiff states that the undersigned has a "per se conflict of interest" because the undersigned is "named as a Defendant in this action."[3] (ECF 31, at 1.) A judge is required to recuse herself from "any proceeding in which [her]

---

[2] In its June 9, 2026 order, the Court also denied Plaintiff's two additional requests for preliminary injunctive relief and declined to exercise supplemental jurisdiction of any state law claims he may have been asserting.

[3] There is no indication that the undersigned was named as a defendant in the original complaint and Plaintiff has not filed an amended complaint since the Court's June 6, 2026 order of dismissal.

impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Thus, "[u]nder the statute, recusal is required in specific contexts not relevant here as provided for in [28 U.S.C § 455(b)] and also wherever, an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014) (internal quotation marks and citation omitted).

The showing of personal bias must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). Judicial rulings "almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555; *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of a recusal motion filed by a plaintiff where the judge had ruled against him on all of his previous motions). In addition, "[i]f an adverse ruling is not cause for recusal, . . . it follows logically that the court's failure to rule on [an] . . . issue as quickly as Plaintiff may have liked is also not a basis for recusal." *Sanders v. WB Kirby Hill, LLC*, No. 16-CV-4596, 2019 WL 2393798, at *4 (E.D.N.Y. June 6, 2019); *see Gakuba v. James*, No. 1:24-CV-8313 (LTS), 2025 WL 1826507, at *4 (S.D.N.Y. July 2, 2025) (denying the plaintiff's motions for recusal complaining about "the amount of time that it has taken for the Court to issue a substantive order in this action and the Court's failure to grant Plaintiff the relief he believes he is entitled to when he believes he is entitled to it"), *appeal dismissed as frivolous*, No. 25-1661, 2025 WL 3960198 (2d Cir. Oct. 31, 2025).

Furthermore, while a judge is generally required to disqualify herself when she "is a party to the proceeding," 28 U.S.C. § 455(b)(5)(i), courts have held that, "[i]n order to guard against 'judge shopping,'" this rule is inapplicable where there is "no legitimate basis for suing the judge." *Tamburro v. City of East Providence*, 981 F.2d 1245 (Table), 1992 WL 380019, at *1 (1st Cir. 1992) (quoting *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd* 894 F.2d 1338 (7th Cir. 1990) (table)); *see also DiMartino v. Pulice,* No. 3:16-CV-0378, 2017 WL 958391, at *2 (D. Conn. Mar. 10, 2017) ("The statute governing recusal . . . appears to mandate recusal . . . when a judge is a party to . . . a proceeding[.] However, it is clear that a judge is not disqualified . . . merely because a litigant sues or threatens to sue him." (quotation marks and citations omitted) (collecting cases)); *Bauerle v. U.S. Dep't of Health & Hum. Servs.*, No. 12-CV-0532, 2014 WL 3658670, at *2 (D. Ariz. July 23, 2014) (holding recusal inappropriate where plaintiff sued judge in same action based on judge's prior rulings), *aff'd*, 689 F. App'x 502 (9th Cir. 2017).

These principles apply when a litigant names the judge in an amended complaint, possibly in an effort to obtain the judge's disqualification: "A judge who is named in an amended complaint is not required to disqualify him or herself unless there is a legitimate basis for suing the judge." 32 Am. Jur. 2d Fed. Courts § 92; *see also Sullivan v. Conway*, 157 F.3d 1092, 1096 (7th Cir. 1998) ("[I]t is improper for a lawyer or litigant . . . to *create* the ground on which he seeks the recusal of the judge assigned to the case. That is arrant judge-shopping.").

Here, Plaintiff seeks the undersigned's recusal based on "shadow docketing and procedural obstruction" arising from "delays in docketing" (ECF 31, at 1), decisions denying Plaintiff's requests for preliminary injunctive relief, and the undersigned's allegedly "choosing to

rely on the demonstrably perjurious affidavits of the Respondents"[4] (ECF 37, at 2.) In sum, Plaintiff appears to seek the undersigned's recusal based on the Court's orders in this action directing him to file his submissions via proper channels and denying his requests for relief. These arguments alone are not grounds for recusal. Similarly, Plaintiff's statement that the undersigned is a defendant in this action or his threats to sue the undersigned are also not grounds for recusal. Because Plaintiff makes no showing of the undersigned's personal bias or prejudice against him, the Court denies Plaintiff's request for recusal of the undersigned.

**B.      Motion for Reconsideration under Local Civil Rule 6.3**

The Court construes Plaintiff's request for reconsideration of its June 9, 2026 order of dismissal with leave to replead as a motion for reconsideration under Local Civil Rule 6.3. The standards governing Rule 6.3 are the same as those governing Rule 59(e) of the Federal Rules of Civil Procedure. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). A party who seeks reconsideration of an order under Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or

---

[4] As noted below, no hearings have been held in this action and none of the potential defendants have submitted "affidavits" to this court.

adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

The Court dismissed Plaintiff's complaint because he did not specify who he was suing, and the complaint contained no factual allegations suggesting that any potential defendant had violated his federal rights. Moreover, the Court noted that, to the extent Plaintiff is asking the Court to intervene in ongoing state housing court proceedings or to review a final state housing court judgment, the Court is prohibited from doing so by the *Younger* abstention doctrine and the *Rooker-Feldman* doctrine, respectively. Nothing in Plaintiff's motion for reconsideration suggests that the Court overlooked any controlling decisions or factual matters previously put before it. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

**C.      Requests for miscellaneous relief**

In his submissions, Plaintiff suggests that the Clerk of Court has not docketed all of his submissions in this action and seeks an order "directing the Clerk of Court to docket all previously submitted motions." (ECF 31, at 1.) He also alleges that the court "suppressed his motions," docketed at ECF 20-24, for "over a week." (ECF 36, at 1.) As the Court has previously explained to Plaintiff, all documents must be filed with the Pro Se Intake Unit by mail, in person, or by email. (ECF 17, at 1-2.) Furthermore, as stated on the court's website, if documents are submitted by email, all "documents must be attached to the email in **PDF format, no larger than 15 megabytes**. Documents that do not conform to these requirements **will not be docketed**. Parties may call (212) 805-0175 to check on the status of their filing after 48 hours of submitting."[5] The Clerk of Court has docketed, in the normal course of business, all Plaintiff's filings that were submitted through the proper channels.

---

[5] *See* https://nysd.uscourts.gov/prose.

Plaintiff also requests "immediate production of all raw audio and certified written transcripts for all proceedings held to date." (ECF 31, at 1.) The Court dismissed this action *sua sponte*, in other words, on its own initiative, pursuant to its duty to screen all *in forma pauperis* complaints under 28 U.S.C. § 1915(e)(2)(B). No proceedings have been held, no defendant has been served, and no defendant has submitted affidavits or any other documents to the court in connection with the action. As no proceedings have been held, there are no transcripts or audio of any such proceedings.

**D.      Warning**

Since filing the complaint in this action, Plaintiff has submitted 28 motions, notices, letters, and other various documents, including multiple requests for preliminary injunctive relief. Many of Plaintiff's submissions are duplicative and appear to have little relation to the claims he is attempting to bring. If Plaintiff continues to file duplicative, nonmeritorious, or frivolous submissions in this action, the Court may issue an order directing him to show cause why he should not be barred from filing additional documents in this action, other than documents addressed to the Court of Appeals for the Second Circuit, without prior permission of the Court.

The Court reminds Plaintiff that he has 30 days from the date of the Court's order of dismissal (that is, until July 9, 2026) to replead his claims in an amended complaint that complies with the standards set forth in that order. If Plaintiff does not file an amended complaint within the prescribed time, the Court will direct the Clerk of Court to enter judgment dismissing this action.

## CONCLUSION

The Court denies Plaintiff's motion for recusal and his motion for reconsideration. The Court directs the Clerk of Court to terminate the motions pending at ECF 31, 32, and 37.

If Plaintiff continues to file duplicative, nonmeritorious, or frivolous submissions in this action, the Court may issue an order directing him to show cause why he should not be barred from filing additional documents in this action, other than documents addressed to the Court of Appeals for the Second Circuit, without prior permission of the Court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 16, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge