UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON BURKE,

Plaintiff,

-against-

WEST 49 LLC, ET AL.,

Defendants.

26-CV-3000 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jason Burke brings this action *pro se* and *in forma pauperis*. Plaintiff has filed dozens of motions in this action since filing the complaint on April 10, 2026. By order dated April 29, 2026, the Court denied Plaintiff's first motion for preliminary injunctive relief. (ECF 10.) By order dated June 9, 2026, the Court dismissed the complaint for failure to state a claim on which relief may be granted[1] and denied two additional motions for preliminary injunctive relief. (ECF 30.) The Court granted Plaintiff 30 days' leave to replead his claims in an amended complaint that complies with the standards set forth in that order.[2]

On June 18, 2026, Plaintiff filed three documents, totaling more than 960 pages, which appeared to be an attempt to file an amended complaint in response to the Court's previous order. (ECF 39-4.) On July 23, 2026, however, Plaintiff filed a motion for leave to file an amended complaint. (ECF 43.) By order dated July 31, 2026, the Court granted Plaintiff's request to file

[1] The Court also noted that, to the extent Plaintiff is asking the Court to interfere in his ongoing state court eviction proceedings or to review a final state court judgment, the Court is prohibited from doing so by the *Younger* abstention doctrine and the *Rooker-Feldman* doctrine. (ECF 30, at 7-8.)

[2] By order dated June 16, 2026, the Court denied various additional motions filed by Plaintiff, including a motion for the undersigned's recusal and a motion for reconsideration of the Court's order of dismissal. (ECF 38.)

an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure and consists of a single document labeled as an "Amended Complaint." (ECF 44.)

Plaintiff has not filed an amended complaint. Instead, on July 31, 2026, Plaintiff filed a document, labeled as an "Emergency Supplemental Flash-Strike Motion For Immediate Judicial Accounting, Subpoena of Act Subsidy Pipelines, and Restraint of Eviction Enforcement," in which Plaintiff, for a fourth time in this action, seeks preliminary injunctive relief. (ECF 45.) On August 3, 2026, Plaintiff filed a "Notice of Errata and Corrected Supplemental Motion in Support of Emergency Flash-Strike Filing." (ECF 46.) On August 5, 2026, Plaintiff filed another "errata." (ECF 47.)

**A. Motion for preliminary injunctive relief**

The Court denies Plaintiff's request for preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

The Court denies Plaintiff's motion for the same reason it denied his three previous motions for preliminary injunctive relief and dismissed his original complaint: Plaintiff's motion does not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious

questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor.

The Court notes that Plaintiff purports to file the motion on his own behalf and on behalf of Christine Perez "by and through her Attorney-in-Fact, Jason Anthony Burke." (ECF 45, at 1.) Despite this label, however, Plaintiff does not allege that he is actually an attorney. As a nonlawyer, Plaintiff can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that Section 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). The Court therefore denies any claims or requests that Plaintiff is asserting on behalf of Perez, without prejudice to her bringing such claims on her own behalf or through counsel.

**B. Order to show cause**

The Court has repeatedly warned Plaintiff that, if he continues to file duplicative, nonmeritorious, or frivolous submissions in this action, the Court will issue an order directing him to show cause why he should not be barred from filing additional documents in this action without prior permission from the Court. (*See* ECF 38, at 7; ECF 44, at 5.) Plaintiff has not heeded these warnings. It is clear that Plaintiff will continue filing duplicative, nonmeritorious, and frivolous documents in this action, and the Court cannot tolerate this ongoing abuse of its limited judicial resources.

The Court therefore orders Plaintiff to show cause, in writing, why he should not be barred from filing additional documents in this action, other than documents directed to the

Court of Appeals for the Second Circuit, without prior permission from the court. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Plaintiff shall submit to the Court, within 30 days of the date of this order, a written declaration setting forth good cause why this injunction should not be imposed upon him by this Court. If Plaintiff fails to submit a declaration within the time prescribed, or if the declaration fails to set forth good cause why the injunction should not issue, Plaintiff will be required to seek leave of the court before he may file any further documents in this action, with the exception of documents directed to the Second Circuit.

If the filing injunction issues, the Court will continue to review Plaintiff's submissions. If the Court determines that any filings are frivolous or lack merit, however, the Court will, consistent with the bar order described above, (1) summarily deny the relief sought in the filing, except in so far as it seeks transmission of material to the Second Circuit; and (2) direct the Clerk of Court to terminate on the docket any motion event arising from the filing.

**CONCLUSION**

The Court denies Plaintiff's request for preliminary injunctive relief. (ECF 45.)

The Court directs Plaintiff to show cause in writing, within 30 days, why he should not be subject to a filing injunction as set forth in this order. *See* 28 U.S.C. § 1651. A declaration form is attached. Should Plaintiff fail to submit a declaration within the time prescribed, or should Plaintiff's declaration fail to set forth good cause why this injunction should not be entered, the filing injunction shall be entered.

The Court reminds Plaintiff that, as directed in the Court's July 31, 2026, order (ECF 44), he must file any amended complaint within 30 days of that order, which is by August 31, 2026.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 7, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge