UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON BURKE; CHRISTINE PEREZ,

Plaintiffs,

-against-

WEST 49 LLC, ET AL.,

Defendants.

26-CV-3000 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jason Burke originally filed this action as the sole plaintiff. On April 24, 2026, the Court granted Burke's application to proceed *in forma pauperis* ("IFP"). By order dated June 9, 2026, the Court dismissed Burke's complaint, but granted him leave to replead his claims in an amended complaint.[1] (ECF 30.) On July 31, 2026, after the Court dismissed the complaint, Burke filed a motion in which he, for the first time, purported to bring claims on behalf of Christine Perez "`by and through her Attorney-in-Fact, Jason Anthony Burke."[2] (ECF 45, at 1.) Perez has since filed a document indicating her desire to join this action as a plaintiff. (ECF 50.) Perez, however, did not sign the amended complaint and has not submitted an IFP application.

By order dated September 18, 2026, the Court directed Perez to sign the amended complaint and either pay the $405.00 in fees required to bring a civil action or submit an IFP application. (ECF 54.) Due to a typo, however, the conclusion of that order stated that the filing

[1] Since filing the complaint, Burke has inundated the Court with dozens of submissions, including multiple motions for preliminary injunctive relief. After issuing multiple warnings and providing Burke with notice and opportunity to respond, by order dated October 7, 2026, the Court barred Burke from filing future submissions in this action without prior permission from the court. (ECF 57.)

[2] In an August 28, 2026 order, the Court noted that Burke, who is not an attorney, cannot assert claims in federal court on behalf of someone else. (ECF 48.)

fee was $450.00, not $405.00. On October 6, 2026, the court received payment from Plaintiffs in the amount of $450.00.[3] Because Plaintiffs overpaid the fees for this action, the Court directs the Clerk of Court to refund Plaintiffs the $45.00 overpayment.

On April 24, 2026, the Court granted Burke's application to proceed IFP. By paying the $405.00 in fees to bring this case, Plaintiffs have demonstrated that they have sufficient funds to pay the filing fees. *See* 28 U.S.C. § 1915(a)(1). The Court deems this payment as a withdrawal of Burke's application to proceed IFP and, accordingly, revokes his IFP status. This action will proceed as a fee-paid action.

## CONCLUSION

Because Plaintiffs overpaid the filing fees for this action, the Court directs the Clerk of Court to refund Plaintiffs the $45.00 overpayment.

Because Plaintiffs have demonstrated that they can afford the fees for this action, the Court revokes Plaintiff Burke's IFP status. (ECF 7.) This action will proceed as a fee-paid action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 14, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

[3] The Court notes that Perez has still not submitted a signed copy of the amended complaint, as directed by the Court in its September 18, 2026 order.